**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION**


**UNITED STATES OF AMERICA,**

vs.  CASE NO. 1:08CR32-SPM/AK

**DANIA LEZCANO-SANTANA,**
et al,

    **Defendants.**

_____/

**O R D E R**

The government has moved for a Nebbia[1] hearing to "require each defendant to make a showing that forfeitable assets are not being used to secure counsel." (Doc. 140. In its motion, the government cites the statutory scheme under 21 U.S.C. §853 as well as United States v. Monsanto, 491 U.S. 660 (1989), as authority for this hearing. However, it is not clear to the Court what further relief can be afforded to the government through a Nebbia hearing since the defendants' financial status has already been sworn to in financial affidavits filed under penalty of perjury and it has been determined that they could not afford legal counsel.  Further, the Eleventh Circuit has identified the purpose of a Nebbia hearing as "to ensure the adequacy of the bail to keep the defendant from absconding," and to prevent the use of the fruits of the crime in posting bond.  Nebbia, supra; United States v. Fernandez-Toledo, et al, 737 F.2d

---

[1] United States v. Nebbia, 357 F.2d 303 (2nd Cir. 1966).

912, 917 n. 10 (11th Circ. 1984).  This issue, as well, has already been heard and the Court has determined that the defendants should be detained absent the posting of a secured property bond, which the family has not been able to post because they apparently have no assets.  Under these circumstances, i.e. neither the defendants nor their families have sufficient assets to retain counsel or post bond, it is unclear who would be called to provide the information the government seeks to glean from this hearing, especially given the difficult privilege barriers at issue.  See United States v. Gonzalez-Mendez, 352 F.Supp 2d 173 (D. Puerto Rico 2005) (government's motion for Nebbia hearing denied on grounds that "relevant information could not be had without implicating the privilege.").  Other concerns raised by the Court in the Gonzalez-Mendez case apply here as well, such as the timing of this hearing (prior to the conclusion of trial) that could result in a "full-blown bench trial in utter derogation of a defendant's right to a trial by jury" and the conflict of interest that may be sparked by delving into this subject area with counsel.

Therefore, in order to conduct a meaningful hearing, if it insists in going forward with one, the government shall identify the specific authority for the hearing it proposes [2] and set out supporting facts and arguments; list the witnesses it proposes to call; describe the types of information and records it seeks; specify the relief it seeks from the Court ;[3] and address any pertinent issues of privilege.

---

[2] For example, whether it is proceeding under 21 U.S.C. §853(c), (e), (f), (m) or (n).

[3] Specifically, whether recommendations should be made to the district judge for use at a forfeiture proceeding detailing the facts found at the Nebbia hearing or whether some other type of order should issue.

**No. 1:08cr32-SPM/AK**

Accordingly, it is

**ORDERED:**

The government shall on or before **January 9, 2009**, file a Memorandum supporting its Motion for Nebbia hearing addressing the issues raised above. Defendants shall within five days of the filing of the government's memorandum respond thereto addressing in particular any privilege issues raised by the testimony and other evidence proposed therein.

**DONE AND ORDERED** this  *17*th  day of December, 2008.


*s/ A. KORNBLUM*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**No. 1:08cr32-SPM/AK**